UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE APOTOSKY, | ) | 4:15CV2491 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | (Mag. Judge Kenneth S. Mchargh) |
| | ) | |
| R. HANSON, | ) | |
| Warden, | ) | |
| | ) | |
| | ) | |
| Respondent | ) | MEMORANDUM |
| | ) | AND ORDER |

McHARGH, MAG. JUDGE

The petitioner Wayne Apotosky ("Apotosky") filed a Section 2241 petition pro se for a writ of habeas corpus arising out of his 2009 sentencing in the U.S. District Court for the Western District of New York. (Doc. 1.) In his petition, Apotosky raises three grounds for relief:

    1. The Bureau of Prisons erred by failing to comply with procedure set forth by Congress and its own regulations.

    2. The Bureau erred by not awarding Willis and Kayfez pretrial detention credits because a [federal] detainer prevented Petitioner from making bail on the States cases.

    3. Denial of fair and impartial treatment.

(Doc. 1, § 12.) Apotosky seeks to have all pretrial time, and time spent in the New York State Department of Corrections, credited against his federal sentence. (Doc. 1, at 8.)

Under the court's initial Order of Feb. 26, 2016, the respondent was required to file a Return of Writ within sixty days. (Doc. 3.) The Warden failed to timely file a Return of Writ. On May 13, 2016, Apotosky filed a motion for default. (Doc. 4.)

Apotosky is incarcerated under a 2009 conviction, which this court must presume valid until otherwise shown. The Sixth Circuit has found that default judgments are not available in habeas corpus proceedings. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *see also Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) (citing cases) (failure to respond to claims in habeas petition does not entitle petitioner to default judgment); *Ruiz v. Cady*, 660 F.2d 337, 340 (7th Cir. 1981) (reversing grant of petition; default judgment without full inquiry into merits especially rare).

The respondent has since filed a motion for an extension of time to answer. The U.S. Attorney's office asserts that it was never served with a copy of the petition, and seeks a 59-day extension of time to answer. The motion notes that it is the first motion for extension of time, and the extension will not prejudice the petitioner. Even if he were credited with all the sentencing credits he seeks, the respondent asserts that he would be in custody until late 2017. (Doc. 5.)

The motion for extension of time (doc. 5) to file a Return of Writ is GRANTED. The Return shall be filed on or before June 24, 2016. Apotosky's motion (doc. 4) for default is DENIED.

IT IS SO ORDERED.

Dated:  June 3, 2016                       /s/ Kenneth S. McHargh
                                                      Kenneth S. McHargh
                                                     United States Magistrate Judge