**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WAYNE APOTOSKY, | ) | CASE NO. 4:15-cv-02491 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) | |
| R. HANSON, *et al.*, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondents. | ) | |

This case is before the magistrate judge pursuant to Local Rule 72.2.[1] Before the court is *pro se* Petitioner Wayne Apotosky's ("Petitioner") petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (R. 1) and the Answer/Return of Writ, or alternatively, motion for summary judgment filed by Respondents Ralph Hanson, the Federal Bureau of Prisons, and the United States Attorney General ("Respondents"). (R. 9). Petitioner is being held in custody at Federal Correctional Institution, Elkton ("FCI Elkton") in Lisbon, Ohio.[2] (*Id*.) Petitioner filed a response (R. 10), to which Respondents filed a reply.[3] (R. 11).

---

[1] Previously, this matter had been referred to Magistrate Judge Kenneth S. McHargh (R. 2), and was subsequently referred to the undersigned magistrate judge upon the former's retirement.

[2] Respondent avers that while the Petition names the Federal Bureau of Prisons ("BOP") as well as the United States Attorney General as Defendants, only the warden of the institution where Petitioner is housed, as the Petitioner's immediate custodian, is properly designated as the Respondent. (R. 9, PageID# 68 at n. 1.)

[3] Petitioner had filed a request for default judgment, which was denied for the reasons set forth in a Memorandum Opinion and Order dated June 3, 2016. (R. 4 & R. 8).

## I. Background[4]

On December 16, 2005, Petitioner was sentenced to five years of probation in New York State Superior Court in Case No. 05-1066 for a scheme to defraud and grand larceny.[5] (R. 9-1, PageID # 78).

On June 26, 2008, Petitioner was arrested by the State of New York for alleged probation violations and has remained in continuous custody since this date. (R. 1-1, PageID# 11 & R. 9-1, PageID # 78).

On November 5, 2008, Petitioner was temporarily taken into federal custody pursuant to a writ of habeas corpus *ad prosequendum* in Case No. l:09-CR-00166 in the United States District Court for the Western District of New York. (R. 1-1, PageID# 11 & R. 9-1, PageID # 78).

On January 23, 2009, while still in federal custody, Petitioner was sentenced to a maximum of three years imprisonment by a New York state court for new grand larceny charges in Case No. 08-1461. (R. 1-1, PageID# 12 & R. 9-1, PageID # 78). Marisa Nash, an attorney with the Federal Detention Center, avers that this sentence was ordered to run concurrently with Petitioner's sentence for violating the probation stemming from his 2005 convictions.[6] (R. 9-1, PageID # 77-78, 85-87).

On October 23, 2009, Petitioner pled guilty to two counts of possession of child pornography in District Court Case No. 1:09-CR-00166-001. (R. 9-1, PageID # 89-90). He was sentenced to an aggregate term of 151 months in prison by U.S. District Court for Western New York, "all of which is to be served

---

[4] These facts are drawn from the petition, as well as the declaration of Marisa Nash, an attorney with the Federal Detention Center who has reviewed the records applicable to Petitioner. (R. 1 & R. 9-1). Where a material discrepancy in the factual accounts occurs, the Court shall duly note said discrepancy.

[5] The petition is silent regarding the 2005 conviction.

[6] Attachment C, cited by Ms. Nash, is so heavily redacted that the Court cannot confirm the contents of her declaration with regard to Case No. 08-1461. (R. 9-1, PageID # 85-87). Nevertheless, neither Petitioner's petition nor his response challenge these facts. (R. 1-1, PageID# 12 & R. 10, PageID# 114).

concurrently with the *undischarged* terms of imprisonment imposed in New York State Supreme Court."[7] (*Id*. & R. 1-1, PageID# 12) (emphasis added).

## II. Law and Analysis

### A. Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). "The statute [§ 2241] is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (citations omitted). A petition under § 2241 may only be used by a federal prisoner to challenge the manner in which his sentence is being carried out (*e.g.*, the computation of sentence credits or parole eligibility). *See United States v. Jalili*, 925 F.2d 889, 894 (6th Cir.1999*); accord Peguero v. Hanson*, 4:14-cv-2642, 2015 U.S. Dist. LEXIS 45964 at \*2 (N.D. Ohio, Apr. 8, 2015) (Polster, J.) As Petitioner is proceeding *pro se*, "his pleadings are held to a less stringent standard than those prepared by an attorney." *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (*citing Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).

### B. Application to Petitioner

As best as this Court can understand the petition and response, Petitioner contends that: (1) the time he served in state prison from January 23, 2009 until October 22, 2009 should have been credited towards his federal sentence; (2) he should have received pretrial detention credits under the precedent of *Willis* and *Kayfez* because a federal detainer prevented him from posting bail in his state cases; (3) he did not receive

---

[7] Petitioner's memorandum states that he was transferred from state to federal custody on July 13, 2011. (R. 1-1, PageID# 20).

3

appropriate "good conduct time" credit; and (4) he did not receive "fair treatment" when he applied to the BOP to have the state prison where he was confined designated as the place of confinement for his federal sentence by way of a *nunc pro tunc* designation. (R. 1, 1-1, 10).

## 1. Credit for State Confinement and *Nunc Pro Tunc* Designation

Where a prisoner seeks to challenge the BOP's calculation of his sentence, he must first exhaust his administrative remedies. *See, e.g., Abuhouran v. Sniezek*, 2006 WL 3762127 at *2 (N.D. Ohio Dec. 20, 2006) (Katz, J.) (*citing United States v. Westmoreland*, 974 F.2d 736, 737-38 (6th Cir.1992), *cert. denied*, 507 U.S. 1019, 113 S.Ct. 1818, 123 L.Ed.2d 448 (1993); *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir.1991); *Davis v. Keohane*, 835 F.2d 1147, 1148 (6th Cir. 1987) (*per curiam*)). Respondents do not allege that any portion of Petitioner's claims are unexhausted.

"After a district court sentences a federal offender, the Attorney General, through BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (U.S. 1992) (citing 18 U. S. C. § 3621(a)); *accord McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993) ("Attorney General, not the court, has the authority to compute sentence credits for time in detention prior to sentencing."); *Vincent v. Shartle*, 2010 WL 4366063 at *1 (N.D. Ohio Oct. 28, 2010) (Wells, J.) Furthermore, the BOP's duty encompasses calculating how much of a sentence the offender has left to serve, as the offender has a right to certain jail-time credit. (*Id.*)

Jail-time credit is governed by statute:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence

commences--

    (1) as a result of the offense for which the sentence was imposed; or

    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C.A. § 3585.

Respondents, relying on the affidavit of Ms. Nash and other supporting documents, aver that Petitioner's federal sentence was computed by the BOP as follows:

1. First, the BOP computed Petitioner's raw effective full term date (EFT). The raw EFT is determined by adding the length of the federal sentence (151 months) to the commencement date of the federal sentence (October 23, 2009). The raw EFT for Petitioner is thus May 22, 2022. (Nash Decl. ¶¶ 3(6) and 3(7).)

2. Next, the BOP subtracted all prior custody credit available. Petitioner was entitled to credit for the time spent in custody from June 26, 2008, the date of his arrest, to January 22, 2009, the day before his state sentence began to run (a total of 211 days). Subtracting 211 days from the raw EFT (May 22, 2022) results in an adjusted date of October 23, 2021. (*Id*. at ¶ 3(5); Nash Att. G.)

3. Finally, the BOP subtracted all good-conduct-time available to Petitioner (a total of 573 days), which results in a current projected satisfaction date of March 29, 2020. (Nash Att. G.)

(R. 9, PageID# 70).

Based on Petitioner's traverse, it is clear that he is only seeking credit towards his federal sentence for the time period from January 23, 2009 (the date his state sentence commenced) until October 22, 2009 (the day before his federal sentence commenced) – a span of 272 days.[8] (R. 10, PageID# 112-115).

---

[8] Given Petitioner's response that he is seeking only 272 days of credit (R. 10, PageID# 115), the Court does not construe the petition as disputing the BOP's calculation giving him 211 days of credit for the time spent in custody between June 26, 2008 (the date of his arrest in New York) and January 22, 2009 (the day before his state sentence commenced).

5

Petitioner, however, fails to comprehend the federal sentence that was actually imposed. He asserts that the federal sentencing court ordered his federal sentence to run concurrently with his state court sentence, and therefore believes the time spent serving a state sentence, which commenced prior to the imposition of his federal sentence, should be credited. (*Id.*) First, the sentencing order from the U.S. District Court for Western New York expressly states that Petitioner's 151 month prison term was to be served "concurrently with the *undischarged* terms of imprisonment imposed" by the New York state court. (R. 9-1, PageID# 89-90) (emphasis added). Petitioner's argument ignores the "undischarged" language from the sentencing order. On the date of the federal court's judgment, October 23, 2009, the time period for which Petitioner seeks credit was already discharged. The federal court's language appears carefully chosen to comply with applicable statutes. Pursuant to U.S.S.G. 5G1.3 of the sentencing guidelines, regardless of whether a defendant ultimately receives a sentence that runs consecutively or concurrently to a pre-existing sentence, the sentence is always ordered to be served consecutively or concurrently to the "undischarged term of imprisonment." This is consistent with federal law, which states that "a sentence cannot begin before the date on which it was imposed." *Robles v. Hanson*, Case No. 4:15-cv-1220, 2016 U.S. Dist. LEXIS 37054 (N.D. Ohio 2016) (Zouhary, J.) (*citing* 18 U.S.C. § 3585(a)).

Courts have consistently found that an individual convicted in federal court cannot receive credit for time serving a state or unrelated federal sentence *prior* to the date on which the federal sentence commenced. In *Huffman v. Perez*, 230 F.3d 1358 (6th Cir. 2000), the court was confronted with a nearly identical argument where the defendant asserted that a 26 month period during which he was primarily in the custody of a North Carolina state prison, and secondarily in the custody of the U.S. Marshals Service pursuant to a writ of habeas corpus *ad prosequendum*, should have been credited towards his federal sentence. The Sixth Circuit found the argument meritless, explaining that the defendant received credit on his state sentence for

6

the time served in state prison and "[c]onsequently, he may not receive credit for this time on his federal sentence." (*Id.*) (*citing* 18 U.S .C. § 3585(b); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir.1993)). The *Huffman* decision noted that if the defendant were to receive federal credit for time served in state prison towards a state sentence, he would receive improper double credit. (*Id.*); *see also Doan v. Lamanna*, 27 Fed. App'x 297, 299 (6th Cir. 2001) ("[Appellant] apparently argues that the Georgia sentence should have been run concurrently with the entire 51-month term of the Florida sentence. However, under § 3585(a), a sentence to a term of imprisonment begins on the date the defendant is received into custody. Consequently, his Georgia sentence could not begin to run until after his sentencing in October 1998."); *Cole v. Johnson*, 2015 WL 4418750 at \*4 (M.D. Tenn. July 16, 2015) ("A federal sentence does not begin until a prisoner is actually in BOP custody."); *Homan v. Terris*, 2014 WL 2779972 at \*3 (E.D. Mich. June 19, 2014) ("Petitioner is not entitled to credit on his federal sentence for the time he spent serving his state sentences prior to the imposition of his federal sentence because a federal sentence cannot commence before the date upon which it is imposed."); *Ramirez v. Withers*, 2013 WL 2903278 at \*4 (E.D. Ky. June 13, 2013) ("[B]ecause the time period Ramirez spent in state prison was credited against his state sentences, he cannot use that time to 'receive improper double credit' against his federal sentence.")

As such, Petitioner's argument herein is similarly without merit because the federal sentencing court did not order that his federal sentence should run concurrently with that portion of Petitioner's state court sentence that was already discharged, but rather that it should only run concurrently with the *undischarged* portion of the state sentence. Moreover, such double-crediting is prohibited. Because there is no merit to Petitioner's argument, his related assertion that he was treated unfairly when the BOP would not

7

retroactively designate the state prison, by means of a *nunc pro tunc* designation, as the place of his confinement for the January 23, 2009 to October 22, 2009 period is rendered moot.[9]

Finally, to the extent Petitioner is arguing that the federal sentencing court should have reduced his federal sentence pursuant to U.S.S.G. 5G1.3(b)(1) from 151 months to 142 months in order to give him *de facto* credit for the time he had already served on his state sentence, such an argument is not cognizable in a § 2241 petition. Such an argument does not challenge the manner in which a sentence is being carried out, but rather the propriety of the sentence imposed by the U.S. District Court for the Western District of New York. *See, e.g., Garrett v. Snyder*, 41 Fed. App'x 756, 757-58 (6th Cir. 2002) ("We further conclude that Garrett may not challenge the district court's failure to reduce his federal sentence pursuant to U.S.S.G. § 5G1.3 in the instant § 2241 habeas corpus petition…. If a federal prisoner seeks to challenge the imposition of his sentence, he must file a 28 U.S.C. § 2255 motion to vacate the sentence *in the district court in which he was sentenced*.") (citations omitted) (emphasis added). The *Garrett* decision explained that a petitioner's "U.S.S.G. § 5G1.3 argument constitutes a challenge to the imposition of his sentence, not the execution or manner in which his sentence is being served," and, therefore, a § 2255 petition (and not a § 2241 petition) was the proper vehicle by which such a claim should be raised. 41 Fed. App'x at 758; *accord Love v. United States*, 2011 WL 5361072, at *4 (N.D. Ohio Oct. 31, 2011) (Gwin, J.); *Grant v. Cauley*, 2008 WL 4680707 at *6 (E.D. Ky. Oct. 22, 2008).[10] Because Petitioner was not sentenced by a court of the Northern District of Ohio, his § 2241 cannot simply be construed as a § 2255.

---

[9] Respondent states that "[t]he BOP did, in fact, designate the New York Department of Corrections as Petitioner's place of confinement via a nunc pro tunc designation," pointing out that had the BOP not done so, "Petitioner would not have received any credit for the time spent in state prison." (R. 9, PageID# 72-73). Respondent's contention is supported by a letter from the BOP which specifically states that the New York Department of Corrections was "designated … for service of the federal sentence." (R. 9-1, PageID# 107).

[10] There is an exception to this rule when Petitioner can establish that § 2255 is inadequate or ineffective to test the

### 2. *Willis* and *Kayfez* Credits

Petitioner's arguments with respect to *Willis* and *Kayfez* credits are not altogether clear.[11] Petitioner fails to set forth any argument as to why *Kayfez* credits should apply. In *Kayfez*, the court found that the BOP erroneously withheld credit for pre-sentencing custody when it found that said time was credited towards a state sentence despite the fact that the state sentence was subsequently vacated. 993 F.2d 1288. The Respondents aver that *Kayfez* credits apply only where: (1) a federal and state sentence are concurrent; (2) the state sentence is due to expire at a date *later* than the federal sentence; and (3) applying pre-sentencing custody credit to the state sentence results in the state sentence expiring at a date *earlier* than the federal sentence. (R. 9. PageID# 74). Neither of these scenarios is applicable. Petitioner's state sentence has not been vacated, nor did the application of credit to the state sentence transform the state sentence from the longer sentence into the shorter one. Petitioner's memorandum states that he left state prison and was transferred to federal custody on July 13, 2011. (R. 1-1, PageID# 20). Given that Petitioner is not set to be released from federal prison until March 29, 2020, the latter scenario described by Respondents plainly does not apply and *Kayfez* is not applicable. (R. 9, PageID# 70).

Petitioner's argument with respect to *Willis* credits, while applicable, is wholly without merit. Petitioner's argument essentially reiterates the argument rejected above. In *Willis*, the court found that if a petitioner was denied bail in state court due to a federal detainer, then the time spent in pre-sentencing custody was deemed to have been spent in connection with the federal offense. 438 F.2d 923. The Respondents aver that *Willis* credits apply where: (1) a federal and state sentence are concurrent; and (2) the

---

legality of his detention. *See Garrett*, 41 Fed. App'x at 758. Petitioner has failed to demonstrate the inadequacy of a § 2255 petition to test the legality of his sentence.

[11] The terms *Willis* and *Kayfez* credits come from two federal circuit court decisions, *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971) and *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993).

federal sentence is due to expire at a date *later* than the state sentence. (R. 9. PageID# 73). As noted above, the 211 days Petitioner spent in custody prior to the commencement of his state sentence was all credited towards his federal sentence. (R. 9-1, PageID# 108). While Petitioner believes he should receive credit for the 9 months (272 days) he spent serving his state sentence, that argument is untenable as explained above. It further bears noting that the *Willis* decision itself rejected such an argument. 438 F.2d at 925 ("Clearly Willis is not entitled to credit for the period of December 10 to December 30 or 31, 1968. During that time he was actually serving his state sentence for offenses unrelated to the federal charges.")

### 4. Good Conduct Time

The petition itself makes several references to the alleged failure of the BOP to credit him with good conduct time. (R. 1, PageID# 1-3, 7). However, neither Petitioner's memorandum in support of his petition nor his traverse develop any argument on this issue. (R. 1-1 & R. 10). In fact, they do not even state how much good conduct time Petitioner accrued or how much of that time he believes was not properly credited. (*Id*.) In his traverse, Petitioner's sole request for relief is credit for 272 days – the time spent serving his state sentence before the imposition of his federal sentence. (R. 10, PageID# 115). As such, the Court deems any argument with respect to good conduct time waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones."); *Meridia Prods. Liab. Litig. v. Abbott Labs.*, 447 F.3d 861 (6th Cir. May 11, 2006). Furthermore, documentation submitted by Respondents indicates that Petitioner is projected to be released on March 29, 2020 – 784 days earlier than his raw EFT which was May 22, 2022. (R. 9-1, PageID# 110). These 784 days, according to Respondents, is comprised of the 211 days credited for pre-sentence custody and an additional 573 days of good conduct time. (R. 9,


PageID# 70).   There is simply no indication that Petitioner has not received the benefit of any accrued good conduct time.

### III. Conclusion

For the foregoing reasons, it is recommended that the petition be dismissed.

Date: February 10, 2017                                   s/ *David A. Ruiz*
                                                           David A. Ruiz
                                                           United States Magistrate Judge

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.   Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981)**; *Thomas v. Arn,* **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111.**