**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WAYNE APOTOSKY,** | ) | **CASE NO. 4:15CV2491** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **R. HANSON et al.,** | ) | **MEMORANDUM OF OPINION** |
| | ) | |
| **Respondents.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Wayne Apotosky's Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody. (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and dismisses Petitioner's Petition. Respondents' Motion for Summary Judgment is granted.

**FACTS**

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete

and detailed discussion of the facts.

On December 16, 2005, Petitioner was sentenced to five years of probation in New York State Superior Court in Case No. 05-1066. On June 26, 2008, Petitioner was arrested by the State of New York for alleged probation violations and has remained in continuous custody since this date. On November 5, 2008, Petitioner was temporarily taken into federal custody pursuant to a writ of habeas corpus *ad prosequendum* in Case No. l:09-CR-00166 in the United States District Court for the Western District of New York. On January 23, 2009, while still in federal custody, Petitioner was sentenced to a maximum of three years imprisonment by a New York state court. An attorney with the Federal Detention Center avers that this sentence was ordered to run concurrently with Petitioner's sentence for violating the probation stemming from his 2005 convictions.

On October 23, 2009, Petitioner pled guilty to two counts of Possession of Child Pornography in District Court Case No. 1:09-CR-00166-001. He was sentenced to an aggregate term of 151 months in prison by the U.S. District Court for Western New York, to be served concurrently with the undischarged terms of imprisonment imposed by the New York Court.

Petitioner now seeks credit toward his federal sentence for the time he served in state prison from January 23, 2009 until October 22, 2009. Petitioner also seeks pretrial detention credits because a federal detainer prevented him from posting bail in his state cases. Petitioner also seeks good conduct time credit and alleges that the Bureau of prisons ("BOP") did not treat him fairly when he tried to have the state prison where he was confined designated as the place of confinement for his federal sentence.

On February 11, 2016, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on February 10, 2017. Petitioner filed his Objection to Report of Magistrate Judge on March 9, 2017.

**ANALYSIS**

"After a district court sentences a federal offender, the Attorney General, through BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (U.S. 1992) (citing 18 U. S. C. § 3621(a)); *accord McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993) ("Attorney General, not the court, has the authority to compute sentence credits for time in detention prior to sentencing."); *Vincent v. Shartle*, 2010 WL 4366063 at *1 (N.D. Ohio Oct. 28, 2010) (Wells, J.) Furthermore, the BOP's duty encompasses calculating how much of a sentence the offender has left to serve, as the offender has a right to certain jail-time credit. (*Id.*)

The Magistrate Judge correctly points out that Petitioner seeks to gain federal sentence credit for a time of imprisonment that he already served prior to the imposition of the federal sentence. The sentencing Order from the District Court for Western New York was clear that the sentence would be concurrent with the undischarged sentence.

Pursuant to U.S.S.G. 5G1.3 of the sentencing guidelines, regardless of whether a defendant ultimately receives a sentence that runs consecutively or concurrently to a pre-existing sentence, the sentence is always ordered to be served consecutively or concurrently to the "undischarged term of imprisonment." This is consistent with federal law, which states that "a sentence cannot begin before the date on which it was

imposed." *Robles v. Hanson*, Case No. 4:15-cv-1220, 2016 U.S. Dist. LEXIS 37054 (N.D. Ohio 2016) (Zouhary, J.) (citing 18 U.S.C. § 3585(a)).

The Court agrees with the Magistrate Judge that Petitioner cannot receive double credit for time spent in a state prison that was served before his federal sentence was imposed and thus, this argument is without merit. The Magistrate Judge points out that Petitioner's related argument that he was treated unfairly when the BOP would not retroactively designate the state prison by means of a *nunc pro tunc* designation as the place of his confinement for the January 23, 2009 to October 22, 2009 period, is rendered moot. The Magistrate Judge shows that the BOP did designate the New York Department of Corrections as the place of confinement for Petitioner's sentence and that is why he received credit for the concurrent time.

In his Objections to Report of Magistrate judge, Petitioner argues that he was in federal custody from November 25, 2008 and should have been given credit for that time until his federal plea on October 23, 2009. However, Petitioner was sentenced in New York State Superior Court on December 16, 2005, to five years of probation, then was arrested on a violation of that probation on June 26, 2008. Petitioner was in continuous state custody since that date. Petitioner was not in federal custody, and only taken into temporary federal custody while serving a state sentence.

Petitioner also argues that he should have received pretrial detention credit toward his federal sentence. Respondent contends that in *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993), one of the cases that Petitioner cites to bolster his argument, credit only applies when a federal and state sentence are concurrent, the state sentence is due to expire at a date later than the federal sentence and when applying

pre-sentencing custody credit to the state sentence results in the state sentence expiring at a date earlier than the federal sentence. The Magistrate Judge points out that none of these scenarios apply to Petitioner.

Petitioner also cites *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971). The Magistrate Judge finds that this case is applicable but the argument is without merit. In *Willis*, the court found that if a petitioner was denied bail in state court due to a federal detainer, then the time spent in pre-sentencing custody was deemed to have been spent in connection with the federal offense. 438 F.2d 923. *Willis* credits apply where a federal and state sentence are concurrent and the federal sentence is due to expire at a date later than the state sentence. In Petitioner's case, the 211 days spent in custody prior to the commencement of his state sentence were all credited towards his federal sentence. As the Magistrate Judge concluded above, and the Court agrees, Petitioner cannot receive credit for time serving a state sentence that was commenced prior to the imposition of a federal sentence.

The Court agrees with the Magistrate Judge that Petitioner's argument for good conduct time is waived. Petitioner's Memorandum in Support of his Petition and his Traverse do not develop any argument on this issue. Petitioner does not state how much good conduct time he accrued or how much of that time he believes was not properly credited. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones."); *Meridia Prods. Liab. Litig. v. Abbott Labs*., 447 F.3d 861 (6th Cir. May 11,

2006).

Respondents have moved for Summary Judgment. In a Section 2241 sentence-computation challenge, it is Petitioner's burden to establish that the BOP's calculation is erroneous. *Garcia v. Pugh*, No. 4:13-CV-l153,2013 WL 5756310,at *2 (N.D. Ohio Oct. 23,2013) ("In a federal habeas petition, there is a presumption of regularity of the sentence, which the Petitioner must overcome."); *Masko v. Shartle*. No. 4: l0-CV-1613,2010 WL 4628733, at *2 (N.D. Ohio Nov. 8, 2010) (same). The Court finds that Petitioner has not met this burden.

For the foregoing reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation and dismisses Petitioner's Petition Under 28 U.S.C. §2241 for Writ of Habeas Corpus by a Person in Federal Custody. Further, under 28 U.S.C. § 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

**IT IS SO ORDERED.**

***s/Christopher A. Boyko***
**Date:3/13/2017** **CHRISTOPHER A. BOYKO**
**United States District Judge**